## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLLEEN CODERRE, ASHLEY MILLER, ANGELICA RUBY, and DANIELLE SARRATORI, individually and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| EVENFLO COMPANY, INC. | Jury Trial Demanded |
| Defendant. | |

Plaintiffs Colleen Coderre ("Coderre"), Ashley Miller ("Miller"), Angelica Ruby ("Ruby"), and Danielle Sarratori ("Sarratori"), by and through their undersigned counsel, individually and on behalf of all others similarly situated, upon personal knowledge, information, and belief, and based upon the investigation of their counsel, allege as follows:

### NATURE OF THE ACTION

1. This is a consumer class action against Evenflo Company, Inc. ("Evenflo"), which manufactures and sells a wide range of products for parents and small children, including strollers, high chairs, bottles, breast pumps, and infant carriers, among others. Evenflo is also a major player in the highly-competitive child car seat market.

2. It is well-known that safety is the most important factor parents and other buyers rely on in making car seat purchases for children. Evenflo preyed upon these safety-conscious consumers, prominently claiming at all relevant times that "Safety is our #1 priority" with its car seats and by presenting itself as a producer of "safe" children's products. Indeed, when Evenflo launched its redesigned Big Kid Booster Car Seat line of booster seats in 2008, it touted these products as a major advancement in child safety.

1

3.      In a predatory effort to compete with Graco and other rivals in the child car seat market, Evenflo labeled and advertised its Big Kid Booster Car Seats as "side impact tested," safe for children weighing as little as 30 pounds, and "the best way to minimize injuries to your child" in a crash. Evenflo further represented that its Big Kid Booster Car Seats would "greatly reduce the risk of serious injuries to your child in a crash," and that the car seats "meet[] or exceed[] all applicable federal safety standards and Evenflo's side impact standards." Evenflo reaped the financial rewards of this ploy, selling over 18 million Big Kid Booster Car Seats and solidifying itself as a recognized name in the booster seat market. Its Big Kid Booster Car Seats are one of the best-selling booster seat models in the United States, and are available for purchase at many retailers nationwide, including Walmart, Target, Kohl's, and Buy Buy Baby, as well as online through Evenflo's website, Amazon, and others.

4.      As recently publicly revealed, however, these representations were knowingly false and otherwise materially misleading, with Evenflo substantially prioritizing profits over child safety. Disturbing videos from Evenflo's own purported side impact collision testing showing child-sized crash dummies thrown far out of their shoulder belts and other secret internal documents and deposition testimony from Evenflo personnel and others in personal injury lawsuits involving Evenflo's Big Kid Booster Car Seats unequivocally confirmed the dire truth: Big Kid Booster Car Seats place children at unnecessary risk of severe injury or death in side-impact collisions and are unsafe, for all purposes, for children weighing less than 40 pounds. Thus, Evenflo's safety representations on the Big Kid Booster Car Seats are meaningless.

5.      Since at least 2012, Evenflo buried these facts and actively concealed from parents and other Big Kid Booster Car Seat purchasers these known safety risks, breaching the

trust of Coderre, Miller, Ruby, Sarratori, and millions of other consumers through Evenflo's deceptive marketing and advertising practices. Had Evenflo disclosed the truth and the results of its side-impact testing to the public, no consumer, parent, or family member—including Coderre, Miller, Ruby, and Sarratori—would have purchased a Big Kid Booster Car Seat.

6.     Plaintiffs Coderre, Miller, Ruby, and Sarratori, and all members of the classes defined herein, have been injured by Evenflo's unlawful conduct. In this action, Plaintiffs seek damages, restitution, and other equitable relief on behalf of themselves and all others similarly situated, as well as injunctive relief to put a stop to Evenflo's continuing wrongful acts.

**PARTIES**

7.     Plaintiff Coderre is a Massachusetts citizen residing in Winchendon, Massachusetts. In 2019, while residing in Massachusetts, Coderre purchased an Evenflo Big Kid Booster Car Seat at a nearby Walmart store located in Rindge, New Hampshire. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Coderre, and she relied on those representations in connection with her purchase. Coderre further believed Evenflo was a trusted brand and that, based on the product's listed weight specifications, the Big Kid Booster Car Seat was suitable for use by her daughter, who weighed less than 40 pounds at the time. Had Coderre known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her child. Coderre is a member of one of the classes defined herein. Coderre remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the future if Evenflo provided a product that met all applicable safety standards and recommendations.

8.      Plaintiff Miller is a Tennessee citizen residing in Portland, Tennessee. In early 2020, Miller purchased an Evenflo Big Kid Booster Car Seat for her son at a Walmart store located in Gallatin, Tennessee. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Miller, and she relied on those representations in connection with her purchase. Miller further believed Evenflo was a trusted brand, that its Big Kid Booster Car Seat would provide protection from side-impact collisions, and that, based on the product's listed weight specifications, the Big Kid Booster Car Seat was suitable for use by her son, who weighed less than 40 pounds at the time. Had Miller known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her child. Miller is a member of one of the classes defined herein. Miller remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the future if Evenflo provided a product that met all applicable safety standards and recommendations.

9.      Plaintiff Ruby is an Illinois citizen residing in Chicago, Illinois. In approximately late 2019 or early 2020, Ruby purchased an Evenflo Big Kid Booster Car Seat for her child at a Walmart store located in Bedford Park, Illinois. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Ruby, and she relied on those representations in connection with her purchase. Ruby further believed Evenflo was a trusted brand, that its Big Kid Booster Car Seat would provide protection from side-impact collisions, and that, based on the product's listed weight specifications, the Big Kid Booster Car Seat was suitable for use by her child, who weighed less than 40 pounds at the time. Had Ruby known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by

using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her child. Ruby is a member of one of the classes defined herein. Ruby remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the future if Evenflo provided a product that met all applicable safety standards and recommendations.

10.     Plaintiff Sarratori is a New York citizen residing in Waterloo, New York. In 2019, Sarratori purchased four Evenflo Big Kid Booster Car Seats for her children—two at a Walmart store located in Waterloo, New York and two more online through Amazon. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Sarratori, and she relied on those representations in connection with her purchases. Sarratori further believed Evenflo was a trusted brand and that, based on the product's listed weight specifications, the Big Kid Booster Car Seats were suitable for use by her children, who weighed less than 40 pounds at the time. Had Sarratori known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her children. Sarratori is a member of one of the classes defined herein. Sarratori remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the future if Evenflo provided a product that met all applicable safety standards and recommendations.

11.     Defendant Evenflo is a Delaware corporation with its principal place of business in Canton, Massachusetts. Following its acquisition in June 2014, Evenflo is a wholly owned subsidiary of Goodbaby International Holdings Limited. Evenflo manufactures, distributes, and

sells car seats, infant strollers, and other baby-related products throughout Massachusetts and the United States.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are at least 100 members of the proposed classes, at least one class member is a citizen of a state other than that of Defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

13.     This Court has personal jurisdiction over Evenflo pursuant to 18 U.S.C. § 1965(a) because Evenflo resides, is found, has an agent, and regularly transacts its affairs in this District.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Evenflo maintains an office in this District, conducts substantial business in this District, has intentionally availed itself of the laws and markets of this District, and is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**Evenflo's Development and Marketing of the Big Kid Booster Car Seats**

15.     Since 1995, Evenflo has manufactured, marketed, and sold children's car seats and is currently one of the largest sellers of children's booster seats in the United States. Its Big Kid Booster Car Seat line is a top-selling booster seat in the United States.

16.     In the early 2000s, in response to several states enacting laws requiring school-aged children to be better protected while riding in cars, companies like Evenflo began selling booster seats that elevated children in these seats so that regular seat belts fit more securely. These forward-facing booster seats quickly became popular and were generally promoted as

safety device seats for young children too big for an infant car seat, yet still too small or too young to properly fit or to securely stay in an adult seat belt.

17.     Thereafter, however, Evenflo began to lose out on the booming booster seat segment. In response, it designed the Big Kid Booster Car Seats with goal of "regaining control in the market" from its rival Graco, according to internal Evenflo records. In furtherance of this plan, Evenflo initially priced its Big Kid Booster Car Seat $10 less than Graco's comparable booster seat and marketed Big Kid Booster Car Seats as safe for babies as young as 1 year old with a minimum weight of 30 pounds and no minimum height. Internally, Evenflo called the Big Kid Booster Car Seat "the reliable workhorse in the Evenflo platform stable." Evenflo's engineers would later concede that 1-year old children do not belong in Big Kid Booster Car Seats. Eventually, in 2007, Evenflo upped the Big Kid Booster Car Seat minimum age to 3.

18.     When Graco's popular TurboBooster children's booster seat continued to outsell the Big Kid Booster Car Seat in 2008, Evenflo decided to remodel the Big Kid Booster Car Seat to give the boosters "increased perceived side protection." Evenflo did so by adding side wings—curved extensions that protruded from the Big Kid Booster Car Seat backrest. However, as discussed below, the redesigned Big Kid Booster Car Seat (now, with side wings) fared no better from a safety perspective than the prior version.

19.     On all Big Kid Booster Car Seats boxes, Evenflo prominently represents that "SAFETY IS OUR #1 PRIORITY" and that these car seats are "Side Impact Tested: Meets or exceeds all applicable federal safety standards and Evenflo's side impact standards." The booster seats themselves each include a tab stitched onto the product reaffirming that the Big Kid Booster Car Seats are "side impact tested," as depicted below:



20.    On its website, Evenflo additionally claims that its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards." This marketing, advertising, and labeling represents and otherwise implies to ordinary consumers that Evenflo's Big Kid Booster Car Seats have been tested and found to meet federal safety standards for side impact testing. In reality, however, neither the National Highway Transportation Safety Administration nor any other federal agency or body has any required test for side impact collisions for child car seats or boosters. Although Congress passed a law nearly 20 years ago requiring federal agencies implement such rules, regulators never acted to adopt side-impact standards. The only current government-issued standard crash test involves simulated head-on collisions—not side-impact collisions. Consequently, the purported "tests" which Evenflo subjected the Big Kid Booster Car Seats to were entirely meaningless, as described below.

21.    Up until approximately February 2020, Evenflo marketed, advertised, and promoted its Big Kid Booster Car Seats as intended for children weighing between 30 and 110 pounds, as depicted on the Big Kid Booster Car Seat box below:



22.     The same minimum weight is listed directly on the seat in several places and in the owner's manual Evenflo includes with the booster seat.

23.     As recently as July 2019, Evenflo's website similarly represented that its Big Kid Booster Car Seats were safe for children as small as 30 pounds, as reflected below:



24.     Side-impact protection is incredibly important to parents and other purchasers of child car seats. In 2018, side-impact crashes accounted for more than 25% of fatalities in automobile collisions of children under 15. Though less common than head-on crashes, side-impact collisions are more likely to result in serious harm—including traumatic brain injuries, spinal injuries, and atlanto-occipital dislocation (or "AOD"), which occurs when the ligaments attached to the spine are severed (sometimes referred to as "internal decapitation").

**_ProPublica_ Exposes Evenflo's Fraud and Wrongful Conduct**

25.     On February 6, 2020, _ProPublica_ published an in-depth article revealing that—for years—Evenflo knew that its Big Kid Booster Car Seats were unsafe for use by all children, with children weighing less than 40 pounds placed at additional risk. _ProPublica_ reported that Evenflo was directly aware of these extreme safety risks since at least February 2012, but in the interests of maintaining a competitive position in the booster seat market, decided to continue

touting the wholly-unsupported safety of its Big Kid Booster Car Seats and promoting these booster seats as suitable for children under 40 pounds.

26.     In this February 2020 report, *ProPublica* stated that top Evenflo safety engineer Eric Dahle recommended to Evenflo's "high-ranking executives" in February 2012 to stop marketing the Big Kid Booster Car Seats for children under 40 pounds or under 4 years old, citing comprehensive government research that these children would be safer in car seats using multi-point harnesses to hold their small bodies safely in place and disperse crash forces. He explained, "Keeping the seat at 30 lbs encourages parents to transition them earlier because they can, and the booster is a less expensive option [than a harnessed seat]." This change would have aligned the Big Kid Booster Car Seat with minimum safety recommendations from the American Academy of Pediatrics and Canadian regulations. Evenflo's booster seats had already been recalled 3 times in Canada, most recently in 2012, for labeling these seats as suitable for children less than 40 pounds. In Canada, Evenflo tells parents and other purchasers in bold capital letters that children less than 40 pounds risk "SERIOUS INJURY or DEATH" using a Big Kid Booster Car Seat.

27.     Mr. Dahle's safety recommendation was "vetoed." When Mr. Dahle further pressed the issue later in 2012, Evenflo vice president of marketing and product development McKay Featherstone again shot down Mr. Dahle, expressing his exasperation in an email, stating, "Why are we even talking about this?" Mr. Featherstone added, "I have looked at 40 lbs for the US numerous times and will not approve this." Later, in a "corporate decision," Evenflo raised the minimum age to 4 but still said (and continues to say) that the Big Kid Booster Car Seat is safe for kids weighing as little as 30 pounds. Even after Evenflo increased the seat's

minimum age to 4, many of the Big Kid Booster Car Seat boxes only provided weight and height guidelines, leaving kids under 4 years old at significant risk.

28.     As *ProPublica* reported, Evenflo's decision to maintain the 30-pound weight minimum was emblematic of how the company's corporate culture and decision-making prioritized profits and remaining competitive with its rival Graco, all at the expense of children's safety.

29.     Consistent with Evenflo's focus on providing the mere *perception* of safety, it affirmatively portrays its Big Kid Booster Car Seats as well-suited for side-impact crashes when, in fact, they are not. Instead, Evenflo's own secret testing and videos revealed that when child-sized crash dummies seated in Big Kid Booster Car Seats are subjected to the forces of a T-bone side impact collision, they are thrown out of the shoulder belts—placing children in grave danger for catastrophic physical injuries and even death.

30.     Seeking to disavow Evenflo's many affirmative safety representations, Evenflo engineer David Sander testified in a 2016 deposition involving a separate negligence case concerning the Big Kid Booster Car Seat that, "We side-impact test our seats, but I don't think we say that we offer any type of side-impact protection."

31.     Contrary to Evenflo's representations, its internal testing was anything but stringent or "rigorous." Instead, Evenflo made up its own side-impact collision test and then handed itself passing grades and kept the results hidden from public view. The bar for "passing" Evenflo's side-impact testing is so incredibly low that there are only two ways to fail: (i) if a child-sized crash dummy ends up on the floor; or (ii) the Big Kid Booster Car Seat itself breaks apart. The following video stills are from a side-impact crashes involving a Big Kid Booster Car Seat that Evenflo remarkably gave "passing" grades to:









32.    While the purpose of a seat belt is to distribute the crash forces over the strong bones of the body—the shoulders and hips—these Big Kid Booster Car Seat crash test videos instead showed the seat belt slipped off the crash test dummy's shoulder and onto the softer abdomen and ribs area, with the dummy's head and torso flailing far outside the seat. In real life, this could cause internal organ damage, paralysis, brain damage, other severe trauma, and even death, as Mr. Dahle admitted in a 2019 deposition.

33.    While Evenflo's later addition of "side wings" may have successfully "increased *perceived* side protection" (emphasis added) of the Big Kid Booster Car Seat, actual safety remained unchanged, as evidenced by Evenflo's internal testing and videos. Instead, crash-test dummies in the redesigned Big Kid Booster Car Seat were just as prone to lurching far outside the seat, with their belts slipping off their shoulders and exposing children in side-impact crashes to severe head, neck, and spine injuries, as depicted below:

**BIG KID BOOSTER SEAT**
Model 338 — No Side Wings



**BIG KID BOOSTER SEAT**
Model 309 — With Side Wings



34.     Despite these admitted and severe risks, in an effort to make more profits, Evenflo continued to falsely and misleadingly represent to parents and other consumers, including Plaintiffs and the classes defined below, that the Big Kid Booster Car Seats were safe and met all applicable safety standards.

35.     Evenflo finally raised some of the Big Kid Booster Car Seat line's weight minimums to 40 pounds in May 2016, but never told its customers whose kids were already using Big Kid Booster Car Seats that these seats were unsafe for children under this weight threshold.

**Evenflo's Deceptive Practices and Wrongful Conduct Continue to Harm Consumers**

36.     Millions of parents and other consumers were duped into purchasing Evenflo's Big Kid Booster Car Seats based on its material misrepresentations and omissions portraying these car seats as safe.

37.     To this day, these purchasers continue to unwittingly risk their children's safety and well-being due to Evenflo's wrongful conduct and acts, as Evenflo has not recalled the Big

Kid Booster Car Seats, nor issued suitable warnings to users or corrected its false and misleading marketing claims.

38.     On February 12, 2020, in response to the *ProPublica* report, the U.S. House of Representatives' Subcommittee on Economic and Consumer Policy opened an investigation into Evenflo's marketing and promotion of Big Kid Booster Car Seats.

39.     Evenflo has profited and continues to profit from its false and misleading marketing and omissions by selling more Big Kid Booster Car Seats than it would have otherwise, and at higher prices than it would be able to sell them had the truth been properly disclosed.

## TOLLING OF THE STATUTE OF LIMITATIONS

40.     For many years, Evenflo has had actual knowledge that the marketing, packaging, and labeling of its Big Kid Booster Car Seats was false, deceptive, and misleading because Evenflo's own internal and undisclosed side-impact tests confirm that these car seats pose serious safety risks to children, there are no government-issued side-impact safety standards that the Big Kid Booster Car Seats could meet or exceed, and Evenflo's internal side-impact standards and testing are illusory and not based on science or safety.

**Discovery Rule Tolling**

41.     Coderre, Miller, Ruby, Sarratori, and the other class members did not discover, and did not know of, facts that would have caused a reasonable person to suspect that Evenflo's Big Kid Booster Car Seats were and are unsafe in side-impact crash tests, or that Evenflo's marketing of these products as "side impact tested" was false or misleading. The information revealing Big Kid Booster Car Seats to be unsafe was solely in Evenflo's possession, and was not known to the public until February 6, 2020, when *ProPublica* published the report discussed

herein. Prior to this time,  Coderre, Miller, Ruby, Sarratori, and members of the proposed classes could not have discovered through the exercise of reasonable diligence that Evenflo's Big Kid Booster Car Seats were and are unsafe in side-impact crash tests or the true extent of Evenflo's deception with regard to the safety of its Big Kid Booster Car Seats. Accordingly, the claims of Coderre, Miller, Ruby, Sarratori, and members of the proposed classes accrued upon discovery of the facts described above, tolling any applicable statutes of limitations.

**Fraudulent Concealment Tolling**

42.    All applicable statutes of limitation have also been tolled by way of Evenflo's active, knowing, and fraudulent concealment of the facts set forth above throughout the relevant time period.

43.    Rather than disclose to Coderre, Miller, Ruby, Sarratori, consumers, and the other members of classes that its own side-impact collision testing confirmed that children using Evenflo Big Kid Booster Car Seats are at risk of serious injury or death, Evenflo continued to manufacture, market, and sell these car seats without disclosing this material information, affirmatively representing its Big Kid Booster Car Seats as "side-impact tested."

**Estoppel**

44.    At all times relevant to this action, Evenflo was under a continuous duty to disclose to Coderre, Miller, Ruby, Sarratori, consumers, and the other members of the classes the risks of placing children in its Big Kid Booster Car Seats.

45.    Evenflo knowingly, affirmatively, and actively concealed or recklessly disregarded the true risks posed to children by placing them in these seats, and meanwhile affirmatively misrepresented them as "side-impact tested."

46.     Based on the foregoing, Evenflo is estopped from relying on any statutes of limitations in defense of the allegations raised in this action.

## CLASS ACTION ALLEGATIONS

47.     Coderre brings this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of herself and a class of similarly situated individuals defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of New Hampshire between 2008 and the present (the "New Hampshire Class").

48.     Miller brings this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of herself and a class of similarly situated individuals defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of Tennessee between 2008 and the present (the "Tennessee Class").

49.     Ruby brings this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of herself and a class of similarly situated individuals defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of Illinois between 2008 and the present (the "Illinois Class").

50.     Sarratori brings this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of herself and a class of similarly situated individuals defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of New York between 2008 and the present (the "New York Class").

51.     Excluded from the classes are governmental entities, Evenflo, any entity in which Evenflo has a controlling interest, and Evenflo's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the classes are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. Coderre, Miller, Ruby, and Sarratori reserve the right to amend the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class definitions or add a class (or classes) if further information or discovery indicates

that these class definitions should be narrowed, expanded, or otherwise modified. This action is brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

52. ***Numerosity Under Rule 23(a)(1).*** The classes are so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and the Court. Evenflo has sold over 18 million Big Kid Booster Car Seats, including a substantial number in New Hampshire, Tennessee, Illinois, and New York. Coderre, Miller, Ruby, and Sarratori, on information and belief, allege that the classes include at least thousands of persons. Class members are identifiable from information and records within the possession of Evenflo and third-party merchants like Amazon, Target, Walmart, and others. Class members may be notified of the pendency of this action by recognized Court-approved notice dissemination methods, including U.S. mail, email, Internet postings, and/or published notice.

53. ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual members. These common questions, which do not vary among class members and which may be determined without reference to any class member's individual circumstances, include, but are not limited to:

      a.    Whether the Big Kid Booster Car Seats sold to class members are unsafe in side-impact crashes;

      b.    Whether Evenflo knew or reasonably should have known that Big Kid Booster Car Seats sold to class members were unsafe in side-impact crashes;

c.   Whether the Big Kid Booster Car Seats sold to class members were suitable for any purpose for children weighing less than 40 pounds;

d.   Whether Evenflo knew or reasonably should have known that Big Kid Booster Car Seats sold to class members were not suitable for any purpose for children weighing less than 40 pounds;

e.   Whether the Big Kid Booster Car Seat is of the same quality as those booster seats and other child safety devices generally acceptable in the market;

f.   Whether the Big Kid Booster Car Seat is fit for the ordinary purposes for which the goods are used;

g.   Whether the Big Kid Booster Car Seat was adequately contained, packaged, and labeled;

h.   Whether Evenflo breached its implied warranty of merchantability;

i.   Whether Evenflo represented that the Big Kid Booster Car Seat has characteristics, uses, or benefits that it does not have;

j.   Whether Evenflo represented that the Big Kid Booster Car Seat is of a particular standard, quality, or grade when it is of another;

k.   Whether Evenflo knowingly omitted or failed to disclose material information in connection with the marketing, promotion, and sale of Big Kid Booster Car Seats;

l.   Whether Evenflo's representations and omissions regarding the Big Kid Booster Car Seat were deceptive, false, and/or misleading and constitute false advertising;

m.    Whether Evenflo's representations and omissions in Big Kid Booster Car Seat advertising, specifications, and/or informational materials are likely to deceive a reasonable consumer;

n.    Whether Evenflo engaged in unlawful, fraudulent, or unfair business practices;

o.    Whether Evenflo's conduct in connection with the foregoing alleged acts was knowing and willful;

p.    Whether Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class have been damaged by the wrongs alleged herein and are entitled to monetary relief, including actual, compensatory, statutory, exemplary, treble, and/or punitive damages;

q.    Whether Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class are entitled to injunctive or other equitable relief, including restitution.

54.    Each of these common questions is also susceptible to a common answer that is capable of class-wide resolution and will resolve an issue central to the validity of the claims.

55.    ***Typicality Under Rule 23(a)(3).*** Coderre's, Miller's, Ruby's, and Sarratori's claims are typical of the class members' claims. Evenflo's course of conduct caused Coderre, Miller, Ruby, Sarratori, and the class members the same harm, damages, and losses as a result of Evenflo's uniformly unlawful conduct. Likewise, Coderre, Miller, Ruby, Sarratori, and other class members must prove the same facts in order to establish the same claims.

56.    ***Adequacy of Representation Under Rule 23(a)(4).*** Coderre, Miller, Ruby, and Sarratori are adequate representatives of the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class because they are members of the classes and their interests do not conflict with the interests of the defined classes. Coderre, Miller, Ruby, and Sarratori retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Coderre, Miller, Ruby, Sarratori, and their counsel intend to vigorously prosecute this action for the benefit of the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class, and have the resources to do so. Coderre, Miller, Ruby, Sarratori, and their counsel have no interests adverse to those of the other members of the New Hampshire Class, Tennessee Class, Illinois Class, or New York Class.

57.    ***Predominance and Superiority***. The New Hampshire Class, Tennessee Class, Illinois Class, and New York Class can be properly maintained because the above common questions of law and fact predominate over any questions affecting individual class members. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each class member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Evenflo's wrongful conduct. Even if each class member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual

resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

58.    As a result of the foregoing, class treatment is appropriate.

**FIRST CLAIM FOR RELIEF**
**Violations of the New Hampshire Consumer Protection Act**
**N.H. Rev. Stat. §§ 358-A:1,** *et seq.*
***On Behalf of Plaintiff Coderre and the New Hampshire Class***

59.    Coderre, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

60.    Coderre brings this claim individually and on behalf of the New Hampshire Class against Evenflo.

61.    Coderre has standing to pursue this claim because she suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the New Hampshire Class have incurred actual damages and ascertainable loss in the form of the diminished value of their car seats because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

62.    Coderre, the New Hampshire Class members, and Evenflo are "persons" within the meaning of the New Hampshire Consumer Protection Act ("New Hampshire CPA"). N.H. Rev. Stat. § 358-A:1.

63.    Evenflo's actions as set forth herein occurred in the conduct of trade or commerce within the meaning of N.H. Rev. Stat. § 358-A:1.

64.    The New Hampshire CPA prohibits a person, in the conduct of any trade or commerce, from using "any unfair or deceptive act or practice," including "but ... not limited to,

23

the following: ... (V) Representing that goods or services have ... characteristics, ... uses, benefits, or quantities that they do not have;" "(VII) Representing that goods or services are of a particular standard, quality, or grade, ... if they are of another;" and "(IX) Advertising goods or services with intent not to sell them as advertised." N.H. Rev. Stat. § 358-A:2.

65.     In the course of its business, Evenflo concealed, suppressed, and misrepresented material facts concerning the Big Kid Booster Car Seats, in violation of N.H. Rev. Stat. § 358-A:2. It did so by, among other things, representing that Big Kid Booster Car Seats were suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash. Evenflo's representations and omissions were material because they were likely to and did in fact deceive reasonable consumers, including Coderre.

66.     Evenflo knew these statements were false and misleading at the time of sale. Evenflo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of material facts with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Big Kid Booster Car Seats.

67.     Evenflo's actions as alleged were further "unfair" and "deceptive" because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Evenflo's customers. The harm caused by Evenflo's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Coderre and the New Hampshire Class. Evenflo could and should have chosen one of

many reasonably available alternatives, including not selling the Big Kid Booster Car Seats, disclosing to prospective buyers that these products were not suitable for use by children weighing less than 40 pounds for any purpose and that Evenflo's own testing showed that child in the Big Kid Booster Car Seats could be in grave danger in a side-impact collision, and/or not representing that the Big Kid Booster Car Seats were suitable for consumer use. Additionally, Evenflo's conduct was "unfair" because it violated the legislatively declared policies reflected by New Hampshire's strong consumer warranty laws.

68.     As a result of Evenflo's conduct in violation of in violation of N.H. Rev. Stat. § 358-A:2, Coderre and the New Hampshire Class received an inferior product to the product which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Coderre and the New Hampshire Class would not have purchased these products or would have paid substantially less.

69.     Evenflo owed Coderre and the New Hampshire Class a duty to disclose the true nature of the Big Kid Booster Car Seats because Evenflo: (a) possessed exclusive knowledge about the Big Kid Booster Car Seats' true nature; (b) intentionally concealed the foregoing from Coderre and the New Hampshire Class; and (c) made incomplete representations about side-impact collision protection the Big Kid Booster Car Seats provided and these products' suitability for children weighing less than 40 pounds, while purposefully withholding material facts from Coderre and the New Hampshire Class that contradicted these representations.  At the time of sale, Evenflo knew about the Big Kid Booster Car Seats' unsafe nature and that these products were not suitable for use by children weighing less than 40 pounds. Evenflo acquired additional information concerning the Big Kid Booster Car Seats' safety attributes and suitability

for use for children weighing less than 40 pounds after these products were sold but continued to conceal such information.

70.     Evenflo thus violated the New Hampshire CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale of Big Kid Booster Car Seats.

71.     Evenflo acted intentionally, knowingly, and maliciously in misrepresenting material facts regarding the Big Kid Booster Car Seats with the intent to mislead Coderre and the New Hampshire Class members. Evenflo's knowledge of the Big Kid Booster Car Seats' internal safety crash results put it on notice that these booster seats were not as advertised. Accordingly, Evenflo knew or should have known that its conduct violated the New Hampshire CPA.

72.     As a direct and proximate result of Evenflo's violations of the New Hampshire CPA, Coderre and the New Hampshire Class have suffered injury-in-fact, actual damage, or both.

73.     Evenflo's wrongful conduct constitutes a continuing course of unfair practices because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Evenflo's violations present a continuing risk to Coderre, the New Hampshire Class members, as well as the general public. Evenflo's unlawful acts and practices complained of herein affect the public interest. Coderre and the New Hampshire Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

74.     Because Evenflo's willful conduct caused injury to Coderre and the New Hampshire Class members' property through violations of the New Hampshire CPA, Coderre and the New Hampshire Class seek recovery of actual damages or $1,000 each, whichever is greater, treble damages, costs, and reasonable attorneys' fees, an order enjoining Evenflo's unfair and/or deceptive acts and practices, and any other just and proper relief under N.H. Rev. Stat. § 358-A:10.

**SECOND CLAIM FOR RELIEF**
**Breach of Express Warranties**
**N.H. Rev. Stat. § 382-A:2-313**
***On Behalf of Plaintiff Coderre and the New Hampshire Class***

75.     Coderre, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

76.     Coderre brings this claim individually and on behalf of the New Hampshire Class against Evenflo.

77.     Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under N.H. Rev. Stat. § 382-A-2-104(1) and a "seller" of such car seats under N.H. Rev. Stat. § 382-A:2-103(1)(d).

78.     The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of N.H. Rev. Stat § 382-A:2-105(1).

79.     Evenflo expressly warrants and represents in its marketing, specifications, and informational materials that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government

27

standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

80.    These material warranties and representations formed a basis of the bargain that was breached when Coderre and the New Hampshire Class members purchased Evenflo's Big Kid Booster Car Seats.

81.    In fact, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

82.    As a direct and proximate result of Evenflo's breach of express warranties in violation of N.H. Rev. Stat. § 382-A:2-313, Coderre and the other New Hampshire Class members have been damaged in an amount to be determined at trial.

83.    Coderre and the New Hampshire Class did not need to send notice to Evenflo of its breaches of its express warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### N.H. Rev. Stat. § 382-A:2-314
### *On Behalf of Plaintiff Coderre and the New Hampshire Class*

84.    Coderre, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

85.    Coderre brings this claim individually and on behalf of the New Hampshire Class against Evenflo.

86.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under N.H. Rev. Stat. § 382-A:2-104(1) and a "seller" of such car seats under N.H. Rev. Stat. § 382-A:2-103(1)(d).

87.    The Evenflo Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of N.H. Rev. Stat. § 382-A:2-105(1).

88.    A warranty that the Evenflo Big Kid Booster Car Seats were in merchantable condition and fit for the ordinary purpose for which children's car seats are used is implied by law pursuant to N.H. Rev. Stat. § 382-A:2-314. Evenflo's implied warranties included that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and that they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

89.    The Big Kid Booster Car Seats, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which children's car safety seats are used. Specifically, the Big Kid Booster Car Seats do not function properly as a booster

seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not

pass any side-impact testing and do not provide adequate side-impact protection, are not "the

best way to minimize injuries" to users' children, and do not otherwise perform as promised or

conform to Evenflo's affirmations and promises described above.

90.    Prior to purchase, Coderre and New Hampshire Class members could not have

discovered that the Big Kid Booster Car Seat was not fit for its ordinary purpose and did not

conform to the quality previously represented. Coderre and the New Hampshire Class members

would not have purchased Big Kid Booster Car Seats if they knew about the misrepresentations

described above. Accordingly, they did not receive the benefit of their bargain in purchasing

these products.

91.    As a direct and proximate result of Evenflo's breach of implied warranties of

merchantability in violation of N.H. Rev. Stat. § 382-A:2-314, Coderre and the other New

Hampshire Class members have been damaged in an amount to be determined at trial.

92.    Coderre and the New Hampshire Class did not need to send notice to Evenflo of

its breaches of its implied warranties because Evenflo was already on notice of the defects

alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged

herein.

### FOURTH CLAIM FOR RELIEF
### Violations of the Tennessee Consumer Protection Act
### Tenn. Code. §§ 47-18-101, *et seq.*
### *On Behalf of Plaintiff Miller and the Tennessee Class*

93.     Miller, individually and on behalf of the Tennessee Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

94.     Miller brings this claim individually and on behalf of the Tennessee Class against Evenflo.

95.     Miller has standing to pursue this claim because she suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the Tennessee Class have incurred actual damages and ascertainable loss in the form of the diminished value of their car seats because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

96.     Miller and the Tennessee Class members are "natural persons" and "consumers" within the meaning of the Tennessee Consumer Protection Act ("Tennessee CPA"). Tenn. Code § 47-18-103(3).

97.     Evenflo is a "person" within the meaning of Tenn. Code § 47-18-103(14).

98.     Evenflo is engaged in "trade," "commerce," or "consumer transactions" within the meaning of Tenn. Code § 47-18-103(20).

99.     The Tennessee CPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," including, but not limited to: "Representing that goods…have characteristics…, uses, [or] benefits…that they do not have…"; "Representing that goods…are of a particular standard, quality or grade…, if they are of another"; "Advertising goods…with intent not to sell them as advertised"; "Using statements or illustrations in any advertisement

which create a false impression of the grade, quality,…[or] usability…or which may otherwise misrepresent the goods…in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods…to other goods…"; and "Engaging in any other act or practice which is deceptive to the consumer or to any other person." Tenn. Code §§ 47-18-102(2), 47-18-104.

100.    In the course of its business, Evenflo concealed, suppressed, and misrepresented material facts concerning the Big Kid Booster Car Seats, in violation of Tenn. Code § 47-18-102(2) and Tenn. Code § 47-18-104. It did so by, among other things, representing that Big Kid Booster Car Seats were suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash. Evenflo's representations and omissions were material because they were likely to and did in fact deceive reasonable consumers, including Coderre. Evenflo knew these statements were false and misleading at the time of sale.

101.    Evenflo's actions as alleged were further "unfair" and "deceptive" because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Evenflo's customers. The harm caused by Evenflo's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Miller and the Tennessee Class. Evenflo could and should have chosen one of many reasonably available alternatives, including not selling the Big Kid Booster Car Seats, disclosing to prospective buyers that these products were not suitable for use by children weighing less than 40 pounds for any purpose and that Evenflo's own testing showed that child in the Big Kid

Booster Car Seats could be in grave danger in a side-impact collision, and/or not representing that the Big Kid Booster Car Seats were suitable for consumer use. Additionally, Evenflo's conduct was "unfair" because it violated the legislatively declared policies reflected by Tennessee's strong consumer warranty laws.

102.    Evenflo's actions as set forth above occurred in the conduct of trade or commerce.

103.    As a result of Evenflo's conduct in violation of Tenn. Code § 47-18-104, Miller and the Tennessee Class received an inferior product to the product which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Miller and the Tennessee Class would not have purchased these products or would have paid substantially less.

104.    Evenflo owed Miller and the Tennessee Class a duty to disclose the true nature of the Big Kid Booster Car Seats because Evenflo: (a) possessed exclusive knowledge about the Big Kid Booster Car Seats' true nature; (b) intentionally concealed the foregoing from Miller and the Tennessee Class; and (c) made incomplete representations about side-impact collision protection the Big Kid Booster Car Seats provided and these products' suitability for children weighing less than 40 pounds, while purposefully withholding material facts from Miller and the Tennessee Class that contradicted these representations.  At the time of sale, Evenflo knew about the Big Kid Booster Car Seats' unsafe nature and that these products were not suitable for use by children weighing less than 40 pounds. Evenflo acquired additional information concerning the Big Kid Booster Car Seats' safety attributes and suitability for use for children weighing less than 40 pounds after these products were sold but continued to conceal such information.

105.    Evenflo thus violated the Tennessee CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or

omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale of Big Kid Booster Car Seats.

106.    Evenflo acted intentionally, knowingly, and maliciously in misrepresenting material facts regarding the Big Kid Booster Car Seats with the intent to mislead Miller and the Tennessee Class members. Evenflo's knowledge of the Big Kid Booster Car Seats' internal safety crash results put it on notice that these booster seats were not as advertised. Accordingly, Evenflo knew or should have known that its conduct violated the Tennessee CPA.

107.    As a direct and proximate result of Evenflo's violations of the Tennessee CPA, Miller and the Tennessee Class have suffered injury-in-fact, actual damage, or both.

108.    Evenflo's wrongful conduct constitutes a continuing course of unfair practices because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Evenflo's violations present a continuing risk to Miller, the Tennessee Class members, as well as the general public. Evenflo's unlawful acts and practices complained of herein affect the public interest. Miller and the Tennessee Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

109.    Miller and the Tennessee Class further seek monetary damages against Evenflo, measured as actual damages in an amount to be determined at trial, treble damages as a result of Evenflo's "willful or knowing violation[s]" of the Tennessee CPA, and any other just and proper relief available under Tenn. Code § 47-18-109.

**FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranties**
**Tenn. Code § 47-2-313**
***On Behalf of Plaintiff Miller and the Tennessee Class***

110.    Miller, individually and on behalf of the Tennessee Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

111.    Miller brings this claim individually and on behalf of the Tennessee Class against Evenflo.

112.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under Tenn. Code § 47-2-104(1) and a "seller" of such car seats under Tenn. Code § 47-2-103(d).

113.    The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Tenn. Code § 47-2-105(1).

114.    Evenflo expressly warrants and represents in its marketing, specifications, and informational materials that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

115.    These material warranties and representations formed a basis of the bargain that was breached when Miller and the Tennessee Class members purchased Evenflo's Big Kid Booster Car Seats.

116.    In fact, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best

way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

117.     As a direct and proximate result of Evenflo's breach of express warranties in violation of Tenn. Code § 47-2-313, Miller and the other Tennessee Class members have been damaged in an amount to be determined at trial.

118.     Miller and the Tennessee Class did not need to send notice to Evenflo of its breaches of its express warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**SIXTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Tenn. Code § 47-2-314**
*On Behalf of Plaintiff Miller and the Tennessee Class*

119.     Miller, individually and on behalf of the Tennessee Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

120.     Miller brings this claim individually and on behalf of the Tennessee Class against Evenflo.

121.     Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under Tenn. Code § 47-2-104(1) and a "seller" of such car seats under Tenn. Code § 47-2-103(d).

122.     The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Tenn. Code § 47-2-105(1).

123.     A warranty that the Evenflo Big Kid Booster Car Seats were in merchantable condition and fit for the ordinary purpose for which children's car seats are used is implied by law pursuant to Tenn. Code § 47-2-314. Evenflo's implied warranties included that: (i) the Big

Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and that they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

124.     The Big Kid Booster Car Seats, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which children's car safety seats are used. Specifically, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

125.     Prior to purchase, Miller and Tennessee Class members could not have discovered that the Big Kid Booster Car Seat was not fit for its ordinary purpose and did not conform to the quality previously represented. Miller and the Tennessee Class members would not have purchased Big Kid Booster Car Seats if they knew about the misrepresentations described above. Accordingly, they did not receive the benefit of their bargain in purchasing these products.

126.     As a direct and proximate result of Evenflo's breach of implied warranties of merchantability in violation of Tenn. Code § 47-2-314, Miller and the other Tennessee Class members have been damaged in an amount to be determined at trial.

127.     Miller and the Tennessee Class did not need to send notice to Evenflo of its breaches of its implied warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**SEVENTH CLAIM FOR RELIEF**
**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 Ill. Comp. Stat. §§ 505, *et seq.***
***On Behalf of Plaintiff Ruby and the Illinois Class***

128.    Ruby, individually and on behalf of the Illinois Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

129.    Ruby brings this claim individually and on behalf of the Illinois Class against Evenflo.

130.    Ruby has standing to pursue this claim because she suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the Illinois Class have incurred actual damages and ascertainable loss in the form of the diminished value of their car seats because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

131.    Ruby and the Illinois Class members are "consumers" within the meaning of the Illinois Consumer Fraud and Deceptive Business Act ("Illinois CFA"). 815 Ill. Comp. Stat. § 505/1(e).

132.    Evenflo is a "person" within the meaning of 815 Ill. Comp. Stat. § 505/1(c).

133.    Evenflo's actions as set forth herein occurred in the conduct of trade or commerce within the meaning of 815 Ill. Comp. Stat. § 505/1(f).

134.    The Illinois CFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the

conduct of trade or commerce…whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. § 505/2.

135.   In the course of its business, Evenflo concealed, suppressed, and misrepresented material facts concerning the Big Kid Booster Car Seats, in violation of 815 Ill. Comp. Stat. § 505/2. It did so by, among other things, representing that Big Kid Booster Car Seats were suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash. Evenflo's representations and omissions were material because they were likely to and did in fact deceive reasonable consumers, including Ruby.

136.   Evenflo knew these statements were false and misleading at the time of sale. Evenflo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of material facts with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Big Kid Booster Car Seats.

137.   Evenflo's actions as alleged were further "unfair" and "deceptive" because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Evenflo's customers. The harm caused by Evenflo's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Ruby and the Illinois Class. Evenflo could and should have chosen one of many reasonably available alternatives, including not selling the Big Kid Booster Car Seats, disclosing to prospective buyers that these products were not suitable for use by children weighing less than

40 pounds for any purpose and that Evenflo's own testing showed that child in the Big Kid Booster Car Seats could be in grave danger in a side-impact collision, and/or not representing that the Big Kid Booster Car Seats were suitable for consumer use. Additionally, Evenflo's conduct was "unfair" because it violated the legislatively declared policies reflected by Illinois's strong consumer warranty laws.

138.   As a result of Evenflo's conduct in violation of in violation of 815 Ill. Comp. Stat. § 505/2, Ruby and the Illinois Class received an inferior product to the product which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Ruby and the Illinois Class would not have purchased these products or would have paid substantially less.

139.   Evenflo owed Ruby and the Illinois Class a duty to disclose the true nature of the Big Kid Booster Car Seats because Evenflo: (a) possessed exclusive knowledge about the Big Kid Booster Car Seats' true nature; (b) intentionally concealed the foregoing from Ruby and the Illinois Class; and (c) made incomplete representations about side-impact collision protection the Big Kid Booster Car Seats provided and these products' suitability for children weighing less than 40 pounds, while purposefully withholding material facts from Ruby and the Illinois Class that contradicted these representations.  At the time of sale, Evenflo knew about the Big Kid Booster Car Seats' unsafe nature and that these products were not suitable for use by children weighing less than 40 pounds. Evenflo acquired additional information concerning the Big Kid Booster Car Seats' safety attributes and suitability for use for children weighing less than 40 pounds after these products were sold but continued to conceal such information.

140.   Evenflo thus violated the Illinois CFA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission

of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale of Big Kid Booster Car Seats.

141.    Evenflo acted intentionally, knowingly, and maliciously in misrepresenting material facts regarding the Big Kid Booster Car Seats with the intent to mislead Ruby and the Illinois Class members. Evenflo's knowledge of the Big Kid Booster Car Seats' internal safety crash results put it on notice that these booster seats were not as advertised. Accordingly, Evenflo knew or should have known that its conduct violated the Illinois CFA.

142.    As a direct and proximate result of Evenflo's violations of the Illinois CFA, Ruby and the Illinois Class have suffered injury-in-fact, actual damage, or both.

143.    Evenflo's wrongful conduct constitutes a continuing course of unfair practices because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Evenflo's violations present a continuing risk to Ruby, the Illinois Class members, as well as the general public. Evenflo's unlawful acts and practices complained of herein affect the public interest. Ruby and the Illinois Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

144.    Ruby and the Illinois Class further seek monetary damages against Evenflo, measured as actual damages in an amount to be determined at trial, as well as punitive damages because Evenflo acted with fraud or malice, or was grossly negligent, reasonable attorneys' fees, and any other just and proper relief available under 815 Ill. Comp. Stat. § 505/10a(a).

**EIGHTH CLAIM FOR RELIEF**
**Violations of the Illinois Uniform Deceptive Trade Practices Act**
**815 Ill. Comp. Stat. §§ 510, *et seq.***
***On Behalf of Plaintiff Ruby and the Illinois Class***

145.    Ruby, individually and on behalf of the Illinois Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

146.    Ruby brings this claim individually and on behalf of the Illinois Class against Evenflo.

147.    Ruby, Illinois Class members, and Evenflo are "persons" within the meaning of the Illinois Uniform Deceptive Trade Practices Act ("Illinois UDTPA"). 815 Ill. Comp. Stat. § 510/1(5).

148.    Under the Illinois UDTPA, a company engages in deceptive trade practices when, in the course of its business, it: "represents that goods…have…characteristics,…uses, [or] benefits… that they do not have"; "represents that goods…are of a particular standard, quality, or grade…if they are of another"; "advertises goods…with intent not to sell them as advertised"; or "engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 Ill Comp. Stat. §§ 510/2(5), (7), (9), and (12).

149.    Evenflo willfully violated the preceding sections of the Illinois UDTPA by making the false and misleading representations challenged herein. Ruby and the Illinois Class members were likely to be damaged—and were damaged—by Evenflo's conduct in violation of the Illinois UDTPA.

150.    Pursuant to 815 Ill. Comp. Stat. § 510/3, Ruby and the Illinois Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats, in addition to costs and attorneys' fees.

**NINTH CLAIM FOR RELIEF**
**Breach of Express Warranties**
**810 Ill. Comp. Stat. § 5/2-313**
***On Behalf of Plaintiff Ruby and the Illinois Class***

151.    Ruby, individually and on behalf of the Illinois Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

152.    Ruby brings this claim individually and on behalf of the Illinois Class against Evenflo.

153.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under 810 Ill. Comp. Stat. § 5/2-104(1) and a "seller" of such car seats under 810 Ill. Comp. Stat. § 5/2-103(1)(d).

154.    The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Ill. Comp. Stat. § 5/2-105(1).

155.    Evenflo expressly warrants and represents in its marketing, specifications, and informational materials that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

156.    These material warranties and representations formed a basis of the bargain that was breached when Ruby and the Illinois Class members purchased Evenflo's Big Kid Booster Car Seats.

157.    In fact, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best

way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

158.    As a direct and proximate result of Evenflo's breach of express warranties in violation of 810 Ill. Comp. Stat. § 5/2-313, Ruby and the other Illinois Class members have been damaged in an amount to be determined at trial.

159.    Ruby and the Illinois Class did not need to send notice to Evenflo of its breaches of its express warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**TENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**810 Ill. Comp. Stat. § 5/2-314**
***On Behalf of Plaintiff Ruby and the Illinois Class***

160.    Ruby, individually and on behalf of the Illinois Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

161.    Ruby brings this claim individually and on behalf of the Illinois Class against Evenflo.

162.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under 810 Ill. Comp. Stat. § 5/2-104(1) and a "seller" of such car seats under 810 Ill. Comp. Stat. § 5/2-103(1)(d).

163.    The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Ill. Comp. Stat. § 5/2-105(1).

164.    A warranty that the Evenflo Big Kid Booster Car Seats were in merchantable condition and fit for the ordinary purpose for which children's car seats are used is implied by law pursuant to 810 Ill. Comp. Stat. § 5/2-314. Evenflo's implied warranties included that: (i) the

Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and that they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

165.    The Big Kid Booster Car Seats, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which children's car safety seats are used. Specifically, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

166.    Prior to purchase, Ruby and Illinois Class members could not have discovered that the Big Kid Booster Car Seat was not fit for its ordinary purpose and did not conform to the quality previously represented. Ruby and the Illinois Class members would not have purchased Big Kid Booster Car Seats if they knew about the misrepresentations described above. Accordingly, they did not receive the benefit of their bargain in purchasing these products.

167.    As a direct and proximate result of Evenflo's breach of implied warranties of merchantability in violation of 810 Ill. Comp. Stat. § 5/2-314, Ruby and the other Illinois Class members have been damaged in an amount to be determined at trial.

168.    Ruby and the Illinois Class did not need to send notice to Evenflo of its breaches of its implied warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

## ELEVENTH CLAIM FOR RELIEF
### Violations of the New York Deceptive Acts and Practices Act
### N.Y. Gen. Bus. Law §§ 349, *et seq.*
### *On Behalf of Plaintiff Sarratori and the New York Class*

169.    Sarratori, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

170.    Sarratori brings this claim individually and on behalf of the New York Class against Evenflo.

171.    Sarratori has standing to pursue this claim because she suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the New York Class have incurred actual damages and ascertainable loss in the form of the diminished value of their car seats because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

172.    Sarratori and the New York Class members are persons within the meaning of the New York Deceptive Acts and Practices Act (the "New York DAPA"). N.Y. Gen. Bus. Law § 349(h).

173.    Evenflo's actions as set forth herein occurred in the conduct its business, trade, or commerce within the meaning of N.Y. Gen. Bus. Law § 349(a).

174.    The New York DAPA makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349(a). Evenflo's conduct, as set forth herein, constitutes deceptive acts or practices under this section.

175.    In the course of its business, Evenflo concealed, suppressed, and misrepresented material facts concerning the Big Kid Booster Car Seats, in violation of N.Y. Gen. Bus. Law § 349(a). It did so by, among other things, representing that Big Kid Booster Car Seats were

suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash. Evenflo's representations and omissions were material because they were likely to and did in fact deceive reasonable consumers, including Sarratori.

176.    Evenflo knew these statements were false and misleading at the time of sale. Evenflo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of material facts with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Big Kid Booster Car Seats.

177.    Evenflo's actions as alleged were further "deceptive" because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Evenflo's customers. The harm caused by Evenflo's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Sarratori and the New York Class. Evenflo could and should have chosen one of many reasonably available alternatives, including not selling the Big Kid Booster Car Seats, disclosing to prospective buyers that these products were not suitable for use by children weighing less than 40 pounds for any purpose and that Evenflo's own testing showed that child in the Big Kid Booster Car Seats could be in grave danger in a side-impact collision, and/or not representing that the Big Kid Booster Car Seats were suitable for consumer use.

178.    As a result of Evenflo's conduct in violation of in violation of N.Y. Gen. Bus. Law § 349(a), Sarratori and the New York Class received an inferior product to the product

which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Sarratori and the New York Class would not have purchased these products or would have paid substantially less.

179.    Evenflo owed Sarratori and the New York Class a duty to disclose the true nature of the Big Kid Booster Car Seats because Evenflo: (a) possessed exclusive knowledge about the Big Kid Booster Car Seats' true nature; (b) intentionally concealed the foregoing from Ruby and the Illinois Class; and (c) made incomplete representations about side-impact collision protection the Big Kid Booster Car Seats provided and these products' suitability for children weighing less than 40 pounds, while purposefully withholding material facts from Sarratori and the New York Class that contradicted these representations.  At the time of sale, Evenflo knew about the Big Kid Booster Car Seats' unsafe nature and that these products were not suitable for use by children weighing less than 40 pounds. Evenflo acquired additional information concerning the Big Kid Booster Car Seats' safety attributes and suitability for use for children weighing less than 40 pounds after these products were sold but continued to conceal such information.

180.    Evenflo thus violated the New York DAPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale of Big Kid Booster Car Seats.

181.    Evenflo acted intentionally, knowingly, and maliciously in misrepresenting material facts regarding the Big Kid Booster Car Seats with the intent to mislead Sarratori and the New York Class members. Evenflo's knowledge of the Big Kid Booster Car Seats' internal safety crash results put it on notice that these booster seats were not as advertised. Accordingly, Evenflo knew or should have known that its conduct violated the New York DAPA.

182.    As a direct and proximate result of Evenflo's violations of the New York DAPA, Sarratori and the New York Class have suffered injury-in-fact, actual damage, or both.

183.    Evenflo's wrongful conduct constitutes a continuing course of unfair practices because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Evenflo's violations present a continuing risk to Sarratori, the New York Class members, as well as the general public. Evenflo's unlawful acts and practices complained of herein affect the public interest. Sarratori and the New York Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

184.    Sarratori and the New York Class further seek monetary damages against Evenflo, measured as actual damages in an amount to be determined at trial or $50 each, whichever is greater, as well as treble damages up to $1,000 each because Evenflo willfully and knowingly violated the New York DAPA. Sarratori and the New York Class also seek reasonable attorneys' fees and any other just and proper relief available under the New York DAPA.

**TWELFTH CLAIM FOR RELIEF**
**Violations of the New York False Advertising Law**
**N.Y. Gen. Bus. Law §§ 350,** *et seq.*
**On Behalf of Plaintiff Sarratori and the New York Class**

185.    Sarratori, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

186.    Sarratori brings this claim individually and on behalf of the New York Class against Evenflo.

187.    Sarratori has standing to pursue this claim because she suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the New York Class have incurred actual damages and ascertainable loss in the form of the diminished value of their car seats because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

188.    Evenflo's actions as set forth herein occurred in the conduct its business, trade, or commerce within the meaning of the New York False Advertising Law ("New York FAL"). N.Y. Gen. Bus. Law § 350.

189.    The New York FAL makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 350. False advertising includes "advertising, including labeling, of a commodity…if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of ... representations [made] with respect to the commodity…" N.Y. Gen. Bus. Law § 350-a(1).

190.    In the course of its business, Evenflo concealed, suppressed, and misrepresented material facts concerning the Big Kid Booster Car Seats, in violation of N.Y. Gen. Bus. Law § 350. It did so by, among other things, representing that Big Kid Booster Car Seats were suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash. Evenflo made and disseminated these representations and omissions throughout New York, through advertising, marketing, and other publications and statements. These

representations and omissions were material because they were likely to and did in fact deceive reasonable consumers, including Sarratori.

191.    Evenflo knew these statements were false and misleading at the time of sale. Evenflo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of material facts with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Big Kid Booster Car Seats.

192.    As a result of Evenflo's conduct in violation of in violation of N.Y. Gen. Bus. Law § 350, Sarratori and the New York Class received an inferior product to the product which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Sarratori and the New York Class would not have purchased these products or would have paid substantially less.

193.    Evenflo thus violated the New York FAL by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale of Big Kid Booster Car Seats.

194.    Evenflo acted intentionally, knowingly, and maliciously in misrepresenting material facts regarding the Big Kid Booster Car Seats with the intent to mislead Sarratori and the New York Class members. Evenflo's knowledge of the Big Kid Booster Car Seats' internal safety crash results put it on notice that these booster seats were not as advertised. Accordingly, Evenflo knew or should have known that its conduct violated the New York FAL.

195.    Unless restrained by this Court, Evenflo will continue to engage in untrue and misleading advertising in violation N.Y. Gen. Bus. Law § 350.

196.     As a direct and proximate result of Evenflo's violations of the New York FAL, Sarratori and the New York Class have suffered injury-in-fact, actual damage, or both.

197.     Evenflo's wrongful conduct constitutes a continuing course of unfair practices because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Evenflo's violations present a continuing risk to Sarratori, the New York Class members, as well as the general public. Evenflo's unlawful acts and practices complained of herein affect the public interest. Sarratori and the New York Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

198.     Sarratori and the New York Class further seek monetary damages against Evenflo, measured as actual damages in an amount to be determined at trial or statutory damages of $500 each, whichever is greater. Because Evenflo willfully and knowingly violated the New York FAL, Sarratori and the New York Class members are entitled to recover three times actual damages, up to $10,000. Sarratori and the New York Class also seek reasonable attorneys' fees and any other just and proper relief available under the New York FAL.

**THIRTEENTH CLAIM FOR RELIEF**
**Breach of Express Warranties**
**N.Y. U.C.C. Law § 2-313**
***On Behalf of Plaintiff Sarratori and the New York Class***

199.     Sarratori, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

200.     Sarratori brings this claim individually and on behalf of the New York Class against Evenflo.

201.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under N.Y. U.C.C. Law § 2-104(1) and a "seller" of such car seats under N.Y. U.C.C. Law § 2-103(1)(d).

202.    The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of N.Y. U.C.C. Law § 2-105(1).

203.    Evenflo expressly warrants and represents in its marketing, specifications, and informational materials that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

204.    These material warranties and representations formed a basis of the bargain that was breached when Sarratori and the New York Class members purchased Evenflo's Big Kid Booster Car Seats.

205.    In fact, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

206.    As a direct and proximate result of Evenflo's breach of express warranties in violation of N.Y. U.C.C. Law § 2-313, Sarratori and the other New York Class members have been damaged in an amount to be determined at trial.

207.    Sarratori and the New York Class did not need to send notice to Evenflo of its breaches of its express warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**FOURTEENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**N.Y. U.C.C. LAW § 2-314**
***On Behalf of Plaintiff Sarratori and the New York Class***

208.    Sarratori, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

209.    Sarratori brings this claim individually and on behalf of the New York Class against Evenflo.

210.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under N.Y. U.C.C. Law § 2-104(1) and a "seller" of such car seats under N.Y. U.C.C. Law § 2-103(1)(d).

211.    The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of N.Y. U.C.C. Law § 2-105(1).

212.    A warranty that the Evenflo Big Kid Booster Car Seats were in merchantable condition and fit for the ordinary purpose for which children's car seats are used is implied by law pursuant to N.Y. U.C.C. Law § 2-314. Evenflo's implied warranties included that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and that they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

54

213.   The Big Kid Booster Car Seats, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which children's car safety seats are used. Specifically, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

214.   Prior to purchase, Sarratori and New York Class members could not have discovered that the Big Kid Booster Car Seat was not fit for its ordinary purpose and did not conform to the quality previously represented. Sarratori and the New York Class members would not have purchased Big Kid Booster Car Seats if they knew about the misrepresentations described above. Accordingly, they did not receive the benefit of their bargain in purchasing these products.

215.   As a direct and proximate result of Evenflo's breach of implied warranties of merchantability in violation of N.Y. U.C.C. Law § 2-314, Sarratori and the other New York Class members have been damaged in an amount to be determined at trial.

216.   Sarratori and the New York Class did not need to send notice to Evenflo of its breaches of its implied warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Coderre, Miller, Ruby, and Sarratori, on behalf of themselves and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class request that the Court order the following relief and enter judgment against Evenflo as follows:

A. an order certifying the proposed New Hampshire Class, Tennessee Class, Illinois Class, and New York Class under Fed. R. Civ. Proc. 23 and appointing Coderre, Miller, Ruby, and Sarratori and their counsel to represent the classes;

B. a declaration that Evenflo engaged in the illegal conduct alleged herein in violation of N.H. Rev. Stat. §§ 358-A:1, *et seq.*, N.H. Rev. Stat. §§ 382-A:2-313 and 382-A:2-314, Tenn. Code. §§ 47-18-101, *et seq.*, Tenn. Code §§ 47-2-313 and 47-2-314, 815 Ill. Comp. Stat. §§ 505, *et seq.,* 815 Ill. Comp. Stat. §§ 510, *et seq.,* 810 Ill. Comp. Stat. §§ 5/2-313 and 5/2-314, N.Y. Gen. Bus. Law §§ 349, *et seq.*, N.Y. Gen. Bus. Law §§ 350, *et seq.*, and N.Y. U.C.C. Law §§ 2-313 and 2-314;

C. a declaration that Evenflo's failure to disclose the dangers of the Big Kid Booster Car Seats and affirmative misrepresentations regarding the Big Kid Booster Car Seats' safety were unfair, deceptive, fraudulent, wrongful, and unlawful;

D. a declaration that Evenflo breached express and implied warranties made to Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class;

E. an order that Evenflo be permanently enjoined from its illegal and improper activities and conduct described herein;

F. a judgment awarding Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class restitution and disgorgement of all compensation and ill-gotten gains obtained by Evenflo from its wrongful conduct;

G.  a judgment awarding Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class monetary relief, including actual, compensatory, statutory, exemplary, treble, and punitive damages, as permitted, in an amount to be determined at trial;

H.  prejudgment and post-judgment interest at the maximum allowable rate permitted by law;

I.  an order awarding Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class reasonable litigation expenses, costs, and attorneys' fees;

J.  a permanent injunction requiring Evenflo to: (i) recall all Big Kid Booster Car Seats still in use; (ii) cease selling Big Kid Booster Car Seats as currently designed or stop labeling, marketing, promoting, and advertising these products as suitable for children weighing less than 40 pounds and otherwise engaging in the deceptive misrepresentations and omissions alleged herein; and (iii) add prominent and clear labeling and other suitable disclosures to all future Big Kid Booster Car Seats models warning consumers of the continuing dangers associated with their use;

K.  an order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Coderre, Miller, Ruby, Sarratori, and the New Hampshire Class, Tennessee Class, Illinois Class, and New York Class; and

L.  an order awarding such other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Coderre, Miller, Ruby, and Sarratori demand a trial by jury for all claims and issues so triable.

Dated: March 24, 2020                By their attorneys,

*/s/ Edward F. Haber*
Edward F. Haber (BBO# 215620)
Ian J. McLoughlin (BBO# 647203)
Adam M. Stewart (BBO# 661090)
**Shapiro Haber & Urmy LLP**
Seaport East
Two Seaport Lane
Boston, MA 02210
Telephone:    (617) 439-3939
Facsimile:    (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com
astewart@shulaw.com

Robert C. Schubert (BBO# 562242)
**Schubert Jonckheer & Kolbe LLP**
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone:    (415) 788-4220
Facsimile:    (415) 788-0161
rschubert@sjk.law

*Counsel for Plaintiffs Colleen Coderre, Ashley*
*Miller, Angelica Ruby, and Danielle Sarratori and*
*the Putative Classes*